STURDIVANT, *petitioner for review, vs.* GREELEY & ALS.

Whether the process by petition for partition, is within the meaning of the statute authorizing the courts to grant reviews in civil actions, *quære.*

But if it is, yet no review can be had of either one of the judgments in partition, without the other.

Therefore, where the judgment *quod partitio fiat* was rendered upon demurrer, the title of the petitioners not being contested, but a mistake was made by the commissioners, which was not discovered till after the final judgment ; it was held that a review could not be granted, for the correction of this error.

THE petitioner in this case complained, that in a process of partition pursued according to the statute, in which the present respondents were petitioners, the commissioners appointed to divide the land, had committed material errors, which he specified, and which were not discovered till after the final judgment ; and therefore he prayed this court that the cause might be reviewed.

*Longfellow*, for the respondents, opposed the petition *in limine* on the ground that the power given by the statute to grant re-

views did not extend to cases of this description, but only to suits prosecuted by writ, at common law ; and he cited *Bordon v. Bowen* 7 *Mass.* 93. *Dickenson v. Davis* 4 *Mass.* 570. *Stone & als. v. Davis* 14 *Mass.* 360.

*Greenleaf* and *Daveis*, for the pettiioner, stated that the case of *Bordon v. Bowen* must be taken with reference to the law then in force, permitting reviews in civil actions, as of right, and which admitted no latitude of interpretation ; but the present statute, vesting the subject in the broad discretion of the court, in all cases, to advance the purposes of justice, has placed it on a foundation totally different.

And they insisted that notwithstanding the distinction which technically exists between the remedy by action, and by petition, yet the legislature, in the present statute of reviews, evidently used the word "action" in its more enlarged sense, as the pursuit in a court of law, of one's right—*quod sibi debetur.* *Co. Lit.* 284, 285, *d.* *Cooper's Justinian* 386. *de actionibus.* 2 *Inst.* 40. *Brown's Civil Law* 440. This construction is necessary in order to carry into effect the intent of the legislature, that the remedy should be as extensive as the mischief. On the same ground the bastardy process has been treated as a civil action. *Mariner v. Dyer* 2 *Greenl.* 165.

*N. Emery*, on the same side, in a written argument delivered in the following vacation, deduced the history of the remedy for partition, both by writ and by petition ; shewing that the latter was designed for a more extended and beneficial remedy, to obviate the inconveniences incident to the common law process ; and that after appearance, the course of proceeding was in both cases identically the same. The petition, and order of notice thereon, contained all the essential attributes of a writ; to which all persons interested were bound to appear, or be concluded by the judgment. The legislature also had manifested a disposition to place this mode of remedy on a footing at least as favorable as any other, from the provincial statute of 5 *W. & M.* ch. 19, to the latest enactments on the subject. They have provided

for the trial of every question which can arise, allowed appeals, and costs, and secured the right to a new partition, in favor of parties out of the State, and not notified, wherever a division is found to be unequal. There can in truth, be no difference to the injured party, between the loss of his land in his absence, by an unequal partition, and a similar loss, while at home by a palpable and great, but undiscovered mistake of the commissioners. The mischief in both cases is the same ; and though only one case is specially provided for in the statute of partitions, yet the other is equally within a fair and liberal construction of the statute of reviews.

He then referred to the several statutes granting reviews and new trials, from the year 1672, down to 1821, shewing that this remedy had been gradually extended, as it had been found more and more beneficial ; until it was placed, by the last statute, in the broadest terms, within the discretion of the court, to grant reviews in all civil actions where justice had not been done. And a remedy so necessary, and so consonant with the just policy of the law, he contended, ought not to be denied upon grounds merely technical, nor upon dry authority. Judges, it has been said, have power over statute laws, to mould them to their truest and best use, according to natural reason, and best convenience ; and the words of a statute ought not to be inter-preted to destroy natural justice. 19 *Vin. Abr.* 154, 156.

The opinion of the court was delivered at the ensuing *June* term in *Penobscot,* by

MELLEN C. J. The question in the case before the court is, whether they have jurisdiction, authorising them to sustain the petition and grant the prayer of it. The original process was a petition for partition, in which the present respondents were pe-titioners, and *Sturdivant,* the respondent. To that original peti-tion he demurred specially. The demurrer was joined ; and the court below decided against *Sturdivant,* and entered the proper interlocutory judgment. On his appeal to this court, the demur-rer was again overruled ; the usual interlocutory judgment en-tered ; and commissioners were appointed, whose return was

duly made to this court at *November* term 1825 ; and after objection, and a full hearing of the parties, the same was accepted and final judgment entered.    On these facts, are we by law authorized to grant a review as prayed for ?    We have listened with attention to the arguments of the counsel at the hearing of the cause, and have since examined with care the written argument of one of the petitioner's counsel.    Our opinion will now be delivered.

The statute of this State, authorizing this court and the Court of Common Pleas, to grant reviews in civil actions, is a transcript of several statutes passed by the legislature of Massachusetts, at successive periods, from 1788 to 1791 inclusive, with some unimportant verbal variations and transpositions of sections or provisions ; and they were doubtless passed, as the petitioner's counsel has observed, as gradual improvements in the administration of justice, by furnishing relief in cases which seemed to demand it, and which new circumstances presented to view. Those provisions of our statute which have a bearing on the question before us are these ;  *Stat.* 1821, *ch.* 67, *sec.* 1, " That whenever there shall be any legal cause for any judicial court before judgment, to set aside any verdict, but nevertheless judgment shall have been rendered on such verdict, the party aggrieved by such judgment may petition the justices of the court," &c. &c. " who are empowered, after due notice, to grant a review of said cause."    It is further provided in the second section as follows.    " And the said justices shall be, and they are hereby vested with discretionary power to grant reviews in all civil actions, in manner as aforesaid, whenever they shall judge it to be reasonable, without being limited to particular cases"—with a proviso that the application be made within three years after the rendition of the judgment complained of.    This provision is found at the close of the third section.    The fourth section provides that " whenever a review is granted by virtue of this act, a writ of review shall be sued out and prosecuted to final judgment and execution; and the party bringing such action of review, shall produce in court attested copies of the writ, judgment and all papers used and filed in the former trial ; and each party

shall have the liberty to offer any further evidence; and the whole cause shall be tried in the same manner as though no judgment had been given thereon." It has been urged, that the original petition was a " civil action ;" and so was embraced within the express language of the general clause in the statute ; that the petition is only a substitute for the writ of partition, for purposes of convenience; that it is an adversary suit, in which the usual course of pleading is pursued ; and in which a trial may be had by a jury in the same manner as in any other civil action; but if not within the words of the statute it is urged that it certainly is within the spirit and equity of it. There seems to be much good sense and reason in this argument. The case of a petition for partition appears to be very different from a submission of a claim to referees before a justice of the peace ; judgments on the reports of such referees cannot be re-examined on review; as the court have observed respecting such cases, there is no writ or declaration which the defendant can plead to; it has nothing in the form of a proceeding at common law ; nor can it be made to assume any such character. But in a petition for partition there is a species of declaration which may be denied in the usual mode of pleading, and the cause may proceed to judgment through the ordinary mode of trial by jury. If this were a new question, it might perhaps be said , that such a petition is " a civil action" within the fair construction of this remedial statute. But it appears by the case cited from the Massachusetts reports that in that case, as well as several times before, it had been decided that the power of the court to grant reviews did not extend to petitions for partition and judgments therein ; and these decisions must have been known to our legislature, when they re-enacted those statutory provisions in Massachusetts, in the same words. Upon this general question, however, as to the power of the court to grant a review in partition cases, instituted by petition,we give no explicit opinion, because it is not necessary, but leave it open for future consideration. Our decision is founded on the special nature of the proceedings,which have been had in the cause, of which the petitioner prays for a review. In that cause no issue in fact has been tried or even joined by the par-

ties. The demurrer to the petition was an admission of the facts it stated ; and it was decided that those facts, admitted to be true, entitled the petitioners to have partition. Accordingly, the proper interlocutory judgment was entered and commission ers were appointed, whose return has been accepted. Up to the time when such judgment was entered, no fact was in contest between the parties ; they only disagreed as to certain points of law, which were settled by the court in the usual man ner. The only parts of the procedings of which the petitioner complains, are the doings of the commissioners and the accep tance of their return. This acceptance was either a discretion ary measure on the part of the presiding judge, or a matter of law by him decided. If merely a measure of discretion, then it is not a subject of re-examination by the whole court in any form. If it is a matter of law apparent on the record, then it is a proper subject for correction on a writ of error ; but in the present case, the alleged error of the judge does not appear on the record, and therefore it cannot be so corrected ; and no excep tion having been alleged against the opinion of the judge, a writ of error would not lie.

The next question is, whether a point or principle of law can be corrected by a review ? The answer to this seems to be a very plain one. A review of a cause is a re-examination or another trial of the facts. The statute speaks of a judgment rendered on a verdict, of cases where facts are contested, and put to a jury for decision ; not of cases where the facts are agreed, and the question is settled upon those facts ; being a pure question of law. It is impossible for us to admit the con struction contended for by the petitioner's counsel; it savors too much of legal inconsistency. But they endeavor to avoid this imputation by saying, that they do not complain of the decision of the court on the demurrer; but merely of the doings of the com missioners and the acceptance of their return, on which the final judgment was rendered. But here we are met by another diffi culty, presented by the fourth section before mentioned. This provides, as we have stated before, that when a review is grant ed, a writ of review shall be sued out ; that each party may

introduce further evidence ; and that the whole cause shall be tried in the same manner as if no judgment had been rendered. Now, who can inform us how, on review, the whole of such a cause can again be tried ? Law and facts are intermixed ; and yet not one of those facts is tenable by a jury. Again, can we grant a review of one third or one half of a cause, and leave the residue undisturbed ? This would be a judicial novelty ; we might as well grant a review of the cause so far as it relates to the facts tending to establish the plaintiff's claim, but not to those on which the defendant relies for his defence. But it cannot be necessary to pursue this train of reasoning any further; a review of such a cause as this was never granted in Massachusetts or this State ; and the reasons are as sound and satisfactory as they are, in our view, obvious and consistent.

It has been observed, that if by the laws of the land no redress can be had, Mr. *Sturdivant* must endure the injustice without a hope of remedy, but it is added, that it is believed our law does not merit this reproach. In reference to this remark it may be observed, that if the opinion of the presiding judge, by whom the return of the commissioners was accepted and judgment rendered thereon, was incorrect, the petitioner might have obtained redress by alleging an exception to such an opinion, and thus availed himself of the correcting opinion of the whole court. This he did not do ; but the law is not, on that account liable to any reproach ; and if the law is not sufficiently comprehensive to embrace the case of the petitioner within its salutary provisions, though we may regret the consequences, we have no authority or disposition to prevent them at the expense of sound principles. We are all of opinion, that we cannot sustain the petition and grant a review. Accordingly it is dismissed.